FILED
2012 Mar-30 PM 01:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JESSIE WILL WOMACK,** | ) |
| **Claimant,** | ) |
| vs. | ) Civil Action No. CV-10-S-3141-S |
| **MICHAEL J. ASTRUE,** | ) |
| **COMMISSIONER, SOCIAL** | ) |
| **SECURITY ADMINISTRATION,** | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

The court has before it the motion by claimant's counsel for an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412,[1] and the Commissioner's opposition to that motion.[2] Claimant was ordered to file a reply to the Commissioner's opposition, but she failed to do so.[3] After careful consideration of the record and the parties' briefs, the court makes the following findings of fact and conclusions of law.

On November 14, 2011, this court entered an order of remand to the Commissioner of the Social Security Administration, pursuant to sentence four of 42 U.S.C. § 405(g), for further development of the record with regard to claimant's mental

---

[1] Doc. no. 12.

[2] Doc. no. 13.

[3] *See* text order entered on February 15, 2012.

impairments. Specifically, the court found that the ALJ should have ordered a consultative examination and IQ testing because "the weight of the evidence as a whole indicates that claimant was a poor performer in classes and on standardized tests, and that she was enrolled n a special education program for educable mentally retarded students."[4]

Following remand, claimant's counsel timely filed a motion for attorney fees under the EAJA, requesting fees in the amount of $3,846.95. The EAJA requires a district court to award fees to a "prevailing party . . . for review of agency action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Commissioner objects to the fee petition, arguing that fees should not be awarded at this time because his position in this litigation was substantially justified.[5]

"The government bears the burden of showing that its position was substantially justified. The standard for substantial justification is one of 'more than mere reasonableness.' The government must show that its case had a reasonable basis both in law and fact." *City of Brunswick v. United States,* 849 F.2d 501, 504 (11th Cir. 1988) (citations omitted). Additionally, "[t]he fact that the government lost its case

---

[4] Doc. no. 10, at 5.

[5] The Commissioner also objects to the number of hours for which claimant's counsel requests compensation. The court need not consider that argument, because the motion for attorney fees is due to be denied on other grounds.

does not raise a presumption that the government's position was not substantially justified . . . . Nor is the government required to establish that its decision to litigate was based on a substantial probability of prevailing." *White v. United States,* 740 F.2d 836, 839 (11th Cir. 1984) (citations omitted).

The court concludes that the Commissioner's position in this case, albeit ultimately unsuccessful, had a reasonable basis in both law and fact. Claimant did not specify intellectual functioning issues on her disability forms, and her testimony on that subject during the administrative hearing was limited. Claimant's attorney even suggested during the administrative hearing that claimant would not satisfy the Listing for mental retardation. In light of that information, and other evidence about claimant's daily activities that indicated at least a moderate level of intellectual functioning, the Commissioner was justified in concluding that claimant's mental impairments were not sufficiently severe to satisfy the Listing for mental retardation, even without any additional consultative medical testimony or results of IQ testing.

As the position of the Commissioner was substantially justified, the petition by claimant's counsel for attorney fees pursuant to the EAJA is DENIED.

DONE this 30th day of March, 2012.

_____
United States District Judge